UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MURRAY COON,

                Petitioner,                          Case Number 2:14-CV-11984
                                                      Honorable Matthew F. Leitman

v.

RANDALL HAAS,

                Respondent.

_____/

**ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

This is a habeas corpus petition filed by a state prisoner under 28 U.S.C. §2254. Petitioner Murray Coon is serving two concurrent terms of 2½-to-6 years in prison for his Genesee Circuit Court guilty plea conviction to possession of under 25 grams of cocaine, MICH. COMP. LAWS § 333.7403(2)(A)(5), and obtaining less than $1,000 under false pretenses. MICH. COMP. LAWS § 750.218(4)(B). The petition claims that: (1) the trial court accepted his plea despite a "radical jurisdictional defect," and (2) Petitioner's convictions violate the Double Jeopardy Clause.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized

1

to dismiss summarily any habeas petition that appears legally insufficient on its face"). Because Petitioner's application for habeas relief contains only  unexhausted claims, it will be dismissed without prejudice.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue sua sponte when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The state court records show that after Petitioner pled guilty to the above two charges he was placed on probation. Petitioner was subsequently found to have violated the terms of his probation, and on May 1, 2013, the Court imposed the custodial sentence indicated above.

Through appointed counsel, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals on November 1, 2013. According to Petitioner, the application only raised a claim challenging the sentencing guidelines. On December 19, 2013, the Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Coon*, No. 148733 (Mich. Ct. App. Dec. 19, 2013). Petitioner filed an application for leave to appeal this order to the Michigan Supreme Court on February 13, 2014. That application is still pending.

Meanwhile, Petitioner filed a pro se motion to modify judgment on March 7, 2014, and a pro se motion to vacate sentence on April 3, 2014, in the trial court. It appears from the allegations in the petition that these two motions raise the issues that Petitioner wishes to present the Court in his habeas application. Both motions remain pending in the trial court.

Petitioner has not yet exhausted his state court remedies with respect to his claims because they have not been presented to all levels of state court review. It is important for Petitioner to note that under Michigan law the exclusive avenue for state appellate review after completion of his direct appeal is to file a motion for relief from judgment in the trial court under Michigan Court Rule 6.502. The state trial court may construe Petitioner's pending pro se motions as a motion for relief from judgment. If it does not, Petitioner may have to re-file his claims under this rule. If Petitioner does not obtain relief in the trial court,

3

he must appeal the denial of his motion for relief from judgment through the Michigan appellate courts to exhaust his state court remedies. See M.C.R. 6.509. Accordingly, until such time as Petitioner completes review in the state courts, his claims are unexhausted and the petition is subject to summary dismissal without prejudice.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Id.* at 484-85.

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

4

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED**

**WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.


/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 23, 2014


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 23, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

5